UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MILAN RICHARD HAVLIK, JR.,<br><br>                   Plaintiff,<br><br>   v.<br><br>BILL ROBERTS, TAMMI DENNEY and RANDAL CLINE,<br><br>                   Defendants. | CASE NO: 2:22-CV-0096-TOR<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |

BEFORE THE COURT are Plaintiff's Motions for Appointment of Counsel, ECF Nos. 5 and 13. Plaintiff, a pretrial detainee confined at the Okanogan County Jail, is proceeding *pro se* and *in forma pauperis*. Defendants have not been served. The Court considered Plaintiff's Motions without oral argument. For the reasons discussed below, Plaintiff's motions are denied.

In his first Motion, Plaintiff asks the Court to appoint counsel because he is unable to afford counsel, his imprisonment greatly limits his ability to litigate and he believes the issues involved in his case are "complex and will require significant

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL -- 1

research [and] investigation," including review of a "body camera." ECF No. 5 at 1. Plaintiff contends that he has no access to a law library, a limited knowledge of the law, and his confinement in administrative segregation limits his "time to communicate." *Id.* Plaintiff asserts that he will need assistance of counsel at trial and he has a "severely limited ability to communicate with the court." *Id.* at 2. He also states that he has made repeated efforts to obtain a lawyer, but without success. *Id.*

In his second motion, Plaintiff emphasizes the need to examine "Body camera Interview[s] by 2 dif[f]erent Sgt.'s of Okanogan County Jail on April 1ˢᵗ 2022," and asserts that there "will be conflicting test[imon]y and cross examination will be needed." ECF No. 13 at 2. He asks for counsel to assist him during discovery. *Id.* at 2–3.

This Court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Mallard v. U.S. Dist. Court for S.D. of Iowa*, 490 U.S. 296, 302, & n.3 (1989) (Court may only request attorneys to represent impoverished litigants, there is no compensation available for them). Determining whether exceptional circumstances exist requires Plaintiff's "likelihood of success on the merits" and "ability . . . to articulate his claims *pro se* in light of the complexity of

the legal issues involved." *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

By Order filed June 1, 2022, the Court has advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 17. Plaintiff's circumstances are not unlike those of other incarcerated persons. He has failed to demonstrate exceptional circumstances to warrant the appointment of counsel at this time. Accordingly, Plaintiff's Motions for Appointment of Counsel, ECF Nos. 5 and 13, are **DENIED.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff.

DATED June 2, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL -- 3