Patrick McMahon, WSBA #18809
Attorney for Defendants
Carlson & McMahon, PLLC
715 Washington Street
P.O. Box 2965
Wenatchee, WA  98807-2965
509-662-6131
509-663-0679 Facsimile
patm@carlson-mcmahon.org

The Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MILAN RICHARD HAVLIK, JR., <br><br>                    Plaintiff, <br><br>     v. <br><br> BILL ROBERTS, TAMMI DENNEY and RANDAL CLINE, <br><br>                    Defendants. | NO. 2:22-cv-00096-TOR <br><br> **DEFENDANTS TAMMI DENNEY - BILL ROBERTS - AND RANDAL CLINE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. PROC. 65(a) (ECF NO. 49)** <br><br> <u>Noted for Hearing On:</u> <br> **December 19, 2022** <br> **Without Oral Argument** |

     COME NOW, above-named Defendants TAMMI DENNEY, BILL ROBERTS, and RANDAL CLINE, above-named, by and through their attorney

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 1

of record, Patrick McMahon of Carlson & McMahon, PLLC, and hereby respectfully submit the following response in opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 49).

## I. PROCEDURAL HISTORY

On May 3, 2022, the Plaintiff filed his Prisoner Civil Rights Complaint Pro Se. (ECF No. 1). On June 2, 2022, the Court entered an Order denying motions for appointment of counsel for Plaintiff, identifying him as a pretrial detainee confined at the Okanogan County Jail, and an individual who was proceeding *Pro Se* and *In Forma Pauperis*. (ECF No. 19). In the Order, the Court also noted that Plaintiff's motions for appointment of counsel, ECF Nos. 5 and 13, were denied as well. *Id*. On July 12, 2022, the Court allowed Plaintiff a second opportunity to amend or voluntarily dismiss his Complaint. (ECF No. 28). On July 27, 2022, Plaintiff filed his Second Amended Prisoner Civil Rights Complaint. (ECF No. 30). The Defendants, on September 15, 2022, filed their Answer to Plaintiff's Amended Complaint. (ECF No. 38).

The Plaintiff's present Complaint is a Motion for a Preliminary Injunction Pursuant to Rule 65(a) (ECF No. 49).

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 2

**Carlson & McMahon, PLLC**
715 Washington Street
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131   Fax (509) 663-0679

## II. STATEMENT OF FACTS

The Plaintiff proceeding *Pro Se* and *In Forma Pauperis* was booked into the Okanogan County Jail on February 9, 2022, on charges of: Illegal Possession of Firearms, First Degree – 2 Counts of Identity Theft Second Degree – 2 Counts Forgery – Possession of Stolen Property First Degree and Trafficking in Stolen Property First Degree. (See *Declarations of Sergeant Bill Roberts and Sergeant Randal Cline*).

Subsequent to booking, on February 19, 2022, Plaintiff filed a grievance requesting a kosher diet. *Id*. On February 22, 2022, the Plaintiff was interviewed regarding his religious beliefs and diet. The religious questionnaire was used to determine if Plaintiff's claim was valid and he required a special diet. *Id*. The Plaintiff failed the questionnaire and was denied his request. *Id*. The decision was grieved by the Plaintiff and he stated he had been provided a Kosher Diet while incarcerated at the Florida Department of Corrections (DOC). *Id*. Jail staff attempted to contact Florida DOC with no response. *Id*.

The Plaintiff, nevertheless, was given the benefit of the doubt and placed on the jail's Least Restrictive Kosher option. *Id*. The Least Restrictive Kosher option provides that the Plaintiff is not given any meal that contains pork. *Id*. The Plaintiff agreed to the diet and his grievance was closed. *Id*.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 3

Carlson & McMahon, PLLC
715 Washington Street
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131   Fax (509) 663-0679

Irrespective of his agreement, the Plaintiff filed another grievance on March 29, 2022, grieving his diet placement as previously agreed to. *Id*. Again, irrespective of his complaints, the Plaintiff has placed orders through the jail Commissary purchasing items that are not kosher. *Id*.

The Okanogan County Jail has an inmate population of approximately seventy-one (71). (See *Declaration of Sergeant Bill Roberts*). The jail kitchen which provides meals to inmates is approximately 744 square feet and is not physically equipped to prepare kosher meals. *Id*. As such, the jail accommodates by providing the Least Restrictive Alternative diet as described previously. (See *Declaration of Sergeant Bill Roberts*).

Finally, Sergeant Roberts of the Okanogan County Jail contacted local jails located in Chelan County and Ferry County which have similar Least Restrictive diet plans of "no pork" to accommodate inmates requesting a kosher diet.

**A. Preliminary Injunction should be denied.**

A preliminary injunction is an extraordinary remedy never awarded as a right. *Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).* A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 4

Carlson & McMahon, PLLC
715 Washington Street
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131  Fax (509) 663-0679

relief, that the burden of equities tips in his favor, and that an injunction is in the public interest. *Id.* at 20.

If the record before the Court "consists of largely general assertions which are substantially controverted by counter affidavits, the Court should not grant [a preliminary injunction] unless the moving party makes a further showing sufficient to demonstrate that he will likely succeed on the merits." *K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088-89 (9th Cir. 1972). A preliminary injunction is not a preliminary adjudication on the merits: It is an equitable device for preserving the status quo and preventing the irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A. BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001).

Here, Plaintiff never informed the jail staff that he had a religious dietary restriction on his jail intake questionnaire form. Moreover, he presents no facts that he is likely to succeed on the merits of his claim. First, although Plaintiff was unable to persuade staff as to the veracity of his belief in the Jewish Faith, and having failed a cursory verbal examination as to the tenets of that faith, the jail, nevertheless, attempted to contact the Florida Department of Corrections (DOC) to verify whether he had received kosher meals while incarcerated, but no response was provided. The jail gave Plaintiff the benefit of the doubt and placed

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 5

Carlson & McMahon, PLLC
715 Washington Street
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

him on a "no pork" accommodation diet. The Plaintiff, despite agreeing to this alternative, reneged on the agreement and continued furthering his complaints regarding his diet. Sergeant Roberts of the jail staff personally inquired of jails located in Chelan County and Ferry County and learned that both facilities provide a "no pork" diet regimen similar to the one utilized by the Okanogan Jail for the Plaintiff in the present case.

To the extent that Plaintiff contends that his rights have been violated because the jail provided an alternative "no pork" diet, he is incorrect. "Inmates … have the right to be provided with food(s) sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987)*. "A prisoner's 'free exercise rights' … are limited by the fact of incarceration and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea, 833 F.2d at 197*.

In the Ninth Circuit, the interests in a simplified food service may allow an incarcerating facility to provide a pork-free diet, instead of a fully kosher diet, to an Orthodox Jewish inmate. *Ward v. Walsh, 1 F.3d 873, 877-79* (weighing the free exercise rights of an Orthodox Jewish prisoner to a kosher diet against budgetary and administrative concerns of the prison). Although the jail, in their response declaration(s), points out that the cooking facility is limited in square

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 6

Carlson & McMahon, PLLC
715 Washington Street
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131   Fax (509) 663-0679

footage space, it also points out that it does not have the infrastructure to prepare kosher food products. The Plaintiff provides no evidence that preparing kosher diets is feasible under current budget and cooking facilities. Moreover, the Plaintiff makes no assertions that the costs of providing kosher foods to pretrial detainees is insignificant or that the jail was accommodating the dietary requirements of other religious groups. In fact, the jail does not.

Additionally, it appears inconsistent that the Plaintiff has been observed purchasing non-kosher food items and is presumably consuming the same, despite his protestations that an accommodative "no pork" diet does not fulfill his religious requirements.

Further, other than generalized statements that he will suffer irreparable harm, no evidence of the alleged harm has been produced to the Court. Further, to the extent that the Plaintiff has sustained any medical injury or damage as a result of his diet, he presents no evidence that he has not been provided appropriate medical treatment from the jail, nor has he provided evidence of any medical abnormality related to the allegations contained in his temporary restraining order complaint.

Finally, the jail staff takes particular care in making sure that meals served to the Plaintiff comply with their commitment to an alternative "no pork" diet

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 7

Carlson & McMahon, PLLC
715 Washington Street
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131   Fax (509) 663-0679

regimen. Plaintiff's picture is located on his tray and the cooks in the jail facility rely on ingredients printed on food labels to ensure that "no pork" is provided to the Plaintiff. In short, other than conclusory allegations that he is likely to suffer, or has been suffering, irreparable harm in the absence of preliminary relief, he presents no evidence that he is likely to succeed on the merits of the underlying complaint and, consequently, his Motion for a Preliminary Injunction should be denied.

### III. CONCLUSION

For the reasons and evidence previously set forth, the Defendants respectfully request that Plaintiff's Motion for Preliminary Injunction (ECF No. 49) be denied.

RESPECTFULLY SUBMITTED THIS 1st day of December, 2022.

CARLSON & McMAHON, PLLC

By   /s/ Patrick McMahon
     PATRICK MCMAHON, WSBA #18809
     Attorney for Defendants Roberts, Denney and Cline

715 Washington Street
P.O. Box 2965
Wenatchee, WA  98807-2965
509-662-6131
509-663-0679 Facsimile
patm@carlson-mcmahon.org

WCRP05-002538\PLE RESP TO MTN FOR PRELIM INJUNCTION-120122

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 8

Carlson & McMahon, PLLC
715 Washington Street
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131    Fax (509) 663-0679

## CERTIFICATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on December 1, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Washington using the CM/ECF system which will send notification of such filing to:

And I certify that I have mailed by United States Postal Service the foregoing to the following non CM/ECF participants:

Milan Richard Havlik, Jr., 119364
Okanogan County Jail
149 N. 4th St.
Okanogan, WA  98840

Signed at Wenatchee, Washington on December 1, 2022.

    /s/ Patrick McMahon
PATRICK MCMAHON, WSBA #18809

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - Page 9

Carlson & McMahon, PLLC
715 Washington Street
Post Office Box 2965
Wenatchee, WA  98807-2965
(509) 662-6131   Fax (509) 663-0679