UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

1 of 4

THE Honorable Thomas O. Rice

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2022

SEAN F. McAVOY, CLERK

| | |
|---|---|
| MILAN RICHARD HAVLIK Jr., Plaintiff, <br><br> V. <br><br> BILL ROBERTS, TAMMI DENNEY and RANDAL CLINE, Defendants. | NO. 2:22-CV-00096-TOR <br><br> ADD to <br><br> AMENDED COMPLAINT. |

1. IN Accordance with Rule 15 of the Federal Rules
2. of Civil Procedure. Both 15(a) and, 15(d). Plaintiff
3. Asks the court to ammend his complaint to ADD a violation
4. of constitutional Right to use the court system.
5. which is part and Refered to "RIGHT of ACCESS to the
6. courts" which IS part of Constitutional due process of Law
7. Requirements of the First, Fifth and Fourteenth amendments
8. to the constitutional due process of Law Requirements.
9.   Procunier v. Martinez 416 U.S. 396 describing
10. "RIGHT of ACCESS" to courts as part of constitutional
11. due process of Law Requirements.
12.   Murray v. Giarratano 492 U.S. 1, 11 n.6, 109 S.Ct.
13. 2765, 2771 n.6, 106 L. Ed. 2d 1, 12 n.6 (1989) Traces the right
14. of Access to courts to due process and equal protection
15. Clauses of the United States constitution.


2:22-CV-00096-TOR

16. Plaintiff conTends officer Dusty mullins and
17. SGt. Brent Rush DENied As Declared IN Declaration,
18. Access to the courts by not only REfusing to copy Any
19. documents but Also making A OFFICIAL POLICY
20. to not help me In any way concerning Legal matters.
21. Which Is violating my constitutional RIGht to use the
22. Court system.
23. Supporting sworn statement of Justin Williams NaN PuYA
24. who witnessed this event was Forwarded to Defense counsel
25. Patrick McMahon WSBA #18809 Supporting a official
26. Policy to Not help or a hands off Policy In General concern
27. ing Legal matters.
28. Plaintiff Also ASSERTS that there IS NO Access
29. to A Law Library or Legal assistants. That are being made
30. Available to me, NOT EVEN one book, Not one Reference
31. And or a Procedual Federal Rules of civil procedure,
32. Nothing, NOT A chair or book or even a assistant to Give
33. Legal Advice. A complete break down oF Access to the
34. Courts.
35. This Denial Is Like Hebbe v. Pliler 627
36. F.3d 338 (9th Cir 2010) causing hardship to pending
37. Litigation of Constitutional violation case 2:22-CV-00096
38. TOR. As clerk of Court Sean F. McAvoy stated
39. In his correspondence dated November 17, 2022

2:22-CV-00096-TOR

40. Further <u>WARNS</u> as a reminder to comply
41. with Local Rules. AND Federal Rules of Civil
42. Procedure. As I have no Access to this Book. I have
43. only complyed this Far through Proceedings by Reading
44. Correspondence from the court and Sections of A Incomplete
45. Jail house Lawyer's Handbook.
46.    These constant Reminders from clerk of court Is A stark
47. Reminder of the inability to have meaningful Access to the
48. courts.
49. IN Salahuddin v. Goord 467 F.3d 263 (2d cir 2006) IT
50. Shows denial of Access to A Law Library is connected to another
51. Constitutional violation of Free Exercise of Religion.
52. (As this one). The court Ruled the Prisoner did not have to
53. meet the actual Injury Requirement. To Proceed.
54.    Lewis V. Casey 518 (1996) Similarly As Plaintiff
55. Substained Actual Injury my ability to File oR move
56. Forward In meaningful Access proceedings. In Time
57. Frames set Forward In Federal Rules of civil Procedure
58. are not Available.
59.    Subsequently I have been denied 3 motions, Appoint
60. ment of Counsel and A Preliminary Injunction motion, which
61. I Atribute to the Inability to articulate A ARGuement
62. within the Federal Rules of civil procedure. or having any
63. Reference material commonly used Legal procedures.

64. Compounding this further inability to
65. have meaningful Access to the courts. IS Okanogan
66. County Jails Newly Declared official policy to Not
67. help In any Legal proceedings Declared by officer
68. Dusty mullins, concerning Legal matters.
69. *Hebbe v. Pliler 627 F.3d 338 (9th cir 2010) has
70. Precedent. Held that Not having Access to the Law
71. library Affecting his inability to file a brief with In 30
72. day period caused A Loss to his Appeal. I Also contend that
73. inability to have Access to A Law library or Procedural books
74. of any kind Affected the denial of Several motions IN
75. This Litigation, And will continue to hinder meaningful
76. Access to the courts.

77. RELIEF/INJURY REQuested

78. (a) Access to Lexi Systems
79. 1 Defendants have Access to A Secure Room that has Lexi Systems
80. for Legal purposes on Ground Floor.
81. (b) Punitive Damages In the Amount of $5800. OR As the court
82. See's Fit. In Individual capacity and offical co-pacity.
83. (c) Defendants Make copies and give Meaningful Access
84. to Legal materials and Opropriate books for Plaintiff and
85. Future Detainee's.

86. [signature] MILAN HAVLIK #118354   11/30/2022   149 N. 4th St okanogan canty Jal okangn WA 98840