UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MILAN RICHARD HAVLIK, JR.,<br><br>                      Plaintiff,<br><br>    v.<br><br>BILL ROBERTS, TAMMI DENNEY and RANDAL CLINE,<br><br>                      Defendants. | CASE NO: 2:22-CV-0096-TOR<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff's Motion for Preliminary Injunction. ECF No. 49. This matter was submitted for consideration without oral argument. The Court has reviewed the files and record herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Preliminary Injunction (ECF No. 49) is **denied**.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a motion a preliminary injunction to compel Defendants "to serve him a T.V. style kosher meals." ECF No. 49 at 1. Defendants filed a response. ECF No. 51.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 1

## DISCUSSION

To obtain preliminary injunctive relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

An even more stringent standard is required in mandatory injunction cases, where an award of mandatory preliminary relief is not warranted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). In "doubtful cases", a mandatory injunction will not issue. *Id.*

Additionally, the Prison Litigation Reform Act further limits the court's power to grant injunctive relief to prisoner litigants:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 2

18 U.S.C. § 3626(a)(2).

To succeed on the merits of the First Amendment claim, the plaintiff must show the defendant burdened the plaintiff's sincerely held religious belief without a justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008). Simplified food service is a legitimate penological interest that allows a prison to provide a pork-free diet in lieu of a completely kosher diet for inmates practicing Judaism. *Ward v. Walsh*, 1 F.3d 873, 877–79 (9th Cir. 1993).

Plaintiff's motion does not assert Defendants completely deny him access to a kosher diet, but that Defendants deny him access to a "T.V. style kosher T.V. dinner". ECF No. 49 at 3. Defendants assert (1) Plaintiff did not claim a religious dietary restriction on his jail intake form, (2) prison officials inquired into the veracity of Plaintiff's religion and found Plaintiff failed an examination as to the tenets of the faith and (3) the jail nevertheless accommodated Plaintiff with a pork-free diet, that Plaintiff initially agreed was acceptable. No. 51 at 5. Regardless of the dispute over whether Plaintiff's religious beliefs are sincerely held, Defendants' offer of a pork-free diet is related to a legitimate penological interest. *Ward*, 1 F.3d at 877–79. Thus, on this record and at this time, Plaintiff has not established a likelihood of success on the merits and the facts and law do not clearly favor Plaintiff's right to a "T.V. kosher dinner" to warrant a mandatory

injunction.

Because Plaintiff is receiving a pork-free diet and has not otherwise shown any facts to demonstrate irreparable harm, Plaintiff's motion is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Preliminary Injunction (ECF No. 49) is **DENIED.**

The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff and Defendants' counsel.

DATED December 20, 2022.



THOMAS O. RICE
United States District Judge